**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **GREEK KITCHEN LLC, d/b/a GREEK KITCHEN**, an Illinois limited liability company, **FIRST 2830 LLC**, an Illinois limited liability company, **GREEK KITCHEN II, INC.**, an Illinois corporation, **GREEK KITCHEN III, INC.**, an Illinois corporation, **GREEK KITCHEN IV, INC.**, an Illinois corporation and **PETER THANOUKOS** and **BILL THANOUKOS**, individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Case No.: 18-cv-6472 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **GREEK KITCHEN LLC, d/b/a GREEK KITCHEN**, an Illinois limited liability company; **FIRST 2830 LLC**, an Illinois limited liability company; **GREEK KITCHEN II, INC.**, an Illinois corporation; **GREEK KITCHEN III, INC.**, an Illinois corporation; **GREEK KITCHEN IV, INC**., an Illinois corporation (hereinafter collectively the "Corporate Defendants"), **PETER THANOUKOS**, individually, and **BILL THANOUKOS**, individually (hereinafter collectively the "Individual Defendants"), from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 <u>et seq</u>.) (hereinafter "the Act"), pursuant to section 17 of the Act; and

to recover unpaid overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

## I

Jurisdiction of this action is conferred upon the court by section 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

(A)     Defendant, **GREEK KITCHEN LLC, d/b/a GREEK KITCHEN**, is and, at all times hereinafter mentioned, was an Illinois limited liability company with an office and place of business located in Cook County at 251 E. Huron Street, Second Floor, Chicago, Illinois, 60611, within the jurisdiction of this Court.  **GREEK KITCHEN LLC, d/b/a GREEK KITCHEN** is, and at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(B)     Defendant, **FIRST 2830 LLC**, is and, at all times hereinafter mentioned, was an Illinois limited liability company with an office located in Cook County at 219 W. Washington Street, Chicago, Illinois 60606, within the jurisdiction of this Court. **FIRST 2830 LLC** is, and at all times hereinafter mentioned, was engaged in restaurant operations and related types of activities.

(C)     Defendant, **GREEK KITCHEN II, INC.**, is and, at all times hereinafter mentioned, was an Illinois corporation with an office and place of business located in Cook County at 400 S. Wells Street, Chicago, Illinois, 60607, within the jurisdiction of this Court.  **GREEK KITCHEN LLC, d/b/a GREEK KITCHEN** is, and at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(D)     Defendant, **GREEK KITCHEN III, INC.**, is and, at all times hereinafter

2

mentioned, was an Illinois corporation with an office and place of business located in Cook County at 111 W. Monroe Street, Chicago, Illinois 60603, within the jurisdiction of this Court. **GREEK III, INC.** is, and at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(E)     Defendant, **GREEK KITCHEN IV, INC.**, is and, at all times hereinafter mentioned, was an Illinois corporation with an office and place of business located in DuPage County at 531 Oakbrook Center, Oak Brook, Illinois 60523, within the jurisdiction of this Court. **GREEK IV, INC.** is, and at all times hereinafter mentioned, was engaged in operating a restaurant and in the performance of related types of activities.

(F)     **PETER THANOUKOS** is and, all times hereinafter mentioned, was an owner of the Corporate Defendants, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to, determining pay practices and setting rates of pay. At all times hereinafter mentioned, **PETER THANOUKOS** is and was engaged in business within Cook County and DuPage County, within the jurisdiction of this Court. **PETER THANOUKOS** acted directly or indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

(G)     **BILL THANOUKOS** is and, all times hereinafter mentioned, was an owner of the Corporate Defendants, and actively supervised the day-to-day operations and management of the Corporate Defendants in relation to their employees, including, but not limited to, determining pay practices and setting rates of pay for the employees of the Corporate Defendants. At all times hereinafter mentioned, **BILL THANOUKOS** is and was engaged in business within Cook County and DuPage County, within the jurisdiction of this Court. **BILLTHANOUKOS** acted directly or

3

indirectly in the interest of the Corporate Defendants in relation to their employees and is an employer within the meaning of 29 U.S.C. § 203(d).

## III

(A)     Each of the Corporate Defendants is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, each was an enterprise within the meaning of 29 U.S.C. § 203(r).

(B)     Corporate Defendants at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, constituted a single enterprise within the meaning 29 U.S.C. § 203(r). Specifically, Individual Defendants controlled Corporate Defendants by making unified strategic, operational, and policy decisions for Corporate Defendants. Corporate Defendants have unified operations, including but not limited to, accounting and payroll, and Corporate Defendants share the common business purpose of operating and managing restaurants.

## IV

(A)     Each of the Corporate Defendants is and, at all times herein after mentioned, was an enterprise within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in the commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise had an annual gross volume of sales made or business done of not less than $500,000.

(B)     Corporate Defendants, at all times hereinafter mentioned, comprised a single enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §

203(s)(1)(A) in that said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

The Corporate Defendants and Individual Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants paid the kitchen staff, including cooks, partially with a payroll check and partially in cash and failed to pay the half time premium for hours worked over 40 hours in a workweek.

## VI

The Corporate Defendants and Individual Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516. Specifically, Defendants' records failed to show adequately and accurately, among other things, the cash payments made to employees for hours worked.

**VII**

During the period from April 1, 2015 through September 30, 2017, the Corporate Defendants and Individual Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against the Corporate Defendants and Individual Defendants as follows:

A. For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Corporate Defendants and Individual Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B. For an Order:

1. pursuant to section 16(c) of the Act, finding the Corporate Defendants and Individual Defendants liable for unpaid overtime compensation due the Corporate Defendants and Individual Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2. pursuant to section 17 of the Act, enjoining and restraining the Corporate Defendants and Individual Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with the Corporate Defendants and Individual Defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-

judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

     C.     For an Order awarding Plaintiff the costs of this action; and

     D.     For an Order granting such other and further relief as may be necessary and appropriate.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone no.:  312/353-3481
Facsimile no.: 312/353-5698
E-mail:sewell.margaret@dol.gov

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Margaret A. Sewell
**MARGARET A. SEWELL**
Senior Trial Attorney