## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **GREEK KITCHEN LLC**, **d//b/a GREEK KITCHEN**, an Illinois limited liability company, **FIRST 2830 LLC**, an Illinois limited liability company, **GREEK KITCHEN II, INC.**, an Illinois corporation, **GREEK KITCHEN III, INC.**, an Illinois corporation**, GREEK KITCHEN IV, INC.**, an Illinois corporation and **PETER THANOUKOS** and **BILL THANOUKOS**, individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   Civil Case No.: 18-cv-06472 <br> ) <br> )   The Honorable Judge John Z. Lee <br> ) <br> )   Magistrate Judge Mary M. Rowland <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>CONSENT JUDGMENT</u>

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor ("**PLAINTIFF**"), having filed his Complaint and Defendants, **GREEK KITCHEN LLC d/b/a GREEK KITCHEN**, an Illinois limited liability company, **FIRST 2830 LLC**, an Illinois limited liability company, **GREEK KITCHEN II, INC.**, an Illinois corporation, **GREEK KITCHEN III, INC.**, an Illinois corporation, **GREEK KITCHEN IV, INC.**, an Illinois corporation, **PETER THANOUKOS,** individually, and **BILL THANOUKOS**, individually (collectively referred to as "**DEFENDANTS**"), having acknowledged receipt of the Complaint and waiving service thereof, and having been duly advised in the premises, agree to the entry of this judgment without contest under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*., (hereinafter the "Act" or "FLSA").

**NOW**, therefore, upon motion for the attorneys for the **PLAINTIFF** and **DEFENDANTS**, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against **DEFENDANTS** pursuant to sections 16(c), 16(e), and 17 of the Act. 29 U.S.C. §§ 216(c), 216(e) and 217.

**DEFENDANTS** admit that Defendants, **GREEK KITCHEN LLC d/b/a GREEK KITCHEN**, **FIRST 2830 LLC**, **GREEK KITCHEN II, INC**., **GREEK KITCHEN III, INC.**, and **GREEK KITCHEN IV, INC.**, are an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1) of the Act. 29 U.S.C. §§ 203(r), 203(s)(1)(A). The court finds, based on this admission, each business entity is responsible for the provisions set forth in this Consent Judgment.

**DEFENDANTS** admit that Defendants **PETER THANOUKOS** and **BILL THANOUKOS**, individually, acted directly or indirectly in the interest of Defendants **GREEK KITCHEN LLC d/b/a GREEK KITCHEN**, **FIRST 2830 LLC**, **GREEK KITCHEN II, INC**., **GREEK KITCHEN III, INC.**, and **GREEK KITCHEN IV, INC.** and thereby each are considered an "employer" under section 3(d) of the Act. The court finds, based on this admission, that **PETER THANOUKOS** and **BILL THANOUKOS** are employers and are individually responsible for the provisions set forth in this Consent Judgment.

**I**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that **DEFENDANTS**, their officers, agents, servants, employees and all other persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

A.    **DEFENDANTS** shall not, contrary to sections 7 and 15(a)(2) of the Act, employ

any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

B.     **DEFENDANTS** shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. part 516.  This includes, but is not limited to, maintaining records of all hours worked by each employee on each workday and in each workweek, and records of compensation paid to each employee in each workweek.

C.     **DEFENDANTS** shall not pay employees in cash and payment to employees for all hours worked shall be through a centralized payroll system.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of **PLAINTIFF** and against **DEFENDANTS** in the total amount of $45,474.54

A.     **DEFENDANTS** shall pay to **PLAINTIFF** the sum of $22,737.92 which represents the unpaid gross overtime compensation hereby found to be due, for the period from April 1, 2015 through September 30, 2017, to the present and former employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof.

B.     **DEFENDANTS** shall further pay to **PLAINTIFF** the sum of $22,737.92, which represents the liquidated damages hereby found due, for the period of April 1, 2015 through

September 30, 2017, to the present and former employees named in Exhibit A, in the amounts set forth therein.

      **C.**      **DEFENDANTS** shall deliver to **PLAINTIFF** a two certified check or cashier's check payable to "U.S. Dept. of Labor—Wage and Hour Div.—Labor" in the amount of $22,737.92 each for back wages and liquidated damages on or before Tuesday, August 21, 2018. Along with this payment, **DEFENDANTS** shall provide to **PLAINTIFF** a schedule, in duplicate showing the name, last-known address and social security number for each employee listed in Exhibit A.

      **D.**      **PLAINTIFF** shall distribute the proceeds of the payments described above less legal deductions for each employee's share of social security and federal withholding taxes) to each person listed in Exhibit A. Any money not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. **PLAINTIFF** shall issue a W2 form (for back wages) or a 1099 form (for liquidated damages) to each individual to whom payment is made. **DEFENDANTS** remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

## III

      **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(e)(2) of the Act, in favor of the **PLAINTIFF** and against the **DEFENDANTS** in the total amount of $5,000, which represents the civil money penalties owed. **DEFENDANTS** shall deliver to **PLAINTIFF** a certified check or cashier's check payable to "U.S. Dept. of Labor—Wage and Hour Div.—Labor," with the notation "penalties," in the amount of $5,000 on or before Tuesday, August 21, 2018.

**IV**

**DEFENDANTS** shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the **DEFENDANTS** or to someone else for the **DEFENDANTS**, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall **DEFENDANTS** accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall **DEFENDANTS** discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the **DEFENDANTS** under the provisions of this Consent Judgment or the Act.

**V**

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

The Court retains jurisdiction for purposes of enforcing compliance with the terms of this final judgment pursuant to Federal Rule of Civil Procedure 54.

DATED  9/25/18

_____
UNITED STATES DISTRICT COURT JUDGE
THE HONORABLE JOHN Z. LEE

The parties hereby consent to the entry of this Consent Judgment:


**FOR THE SECRETARY OF LABOR:**

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


/s/ Margaret A. Sewell                                          DATED: 9/24/18
**MARGARET A. SEWELL**

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
P: (312) 353-3481
F: (312) 353-5698


**FOR THE DEFENDANTS:**

**GREEK KITCHEN, LLC d//b/a GREEK KITCHEN**
**FIRST 2830 LLC**
**GREEK KITCHEN II, INC.**
**GREEK KITCHEN III, INC.**
**GREEK KITCEHN IV, INC.**
**BILL THANOUKOS**
**PETER THANOUKOS**

/s/Albert Ferolie
The Law Offices of Albert F. Ferolie, P.C.
218 N. Jefferson Street, Suite 401
Chicago, Illinois 60661
P: (312) 715-0255
F: (312) 648-9503

**EXHIBIT A**

**DAMAGES OWED**

| Employee | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| 1. Abad, Humberto | $623.06 | $623.06 | $1,246.12 |
| 2. Alvarez, Ezequiel | $47.89 | $47.89 | $95.78 |
| 3. Ardery, Margaret | $52.27 | $52.27 | $104.54 |
| 4. Bonda, Tiasha | $154.25 | $154.25 | $308.50 |
| 5. Bryant, Ramishia | $87.14 | $87.14 | $174.28 |
| 6. Carrizales, Alejandra | $37.57 | $37.57 | $75.14 |
| 7. Figaro, Raul | $4,999.93 | $4,999.93 | $9,999.86 |
| 8. Figueroa, Manuel | $943.45 | $942.45 | $1,884.96 |
| 9. Garcia, Arturo | $1,961.14 | $1,961.14 | $3,922.28 |
| 10. Gills, Bernard | $27.35 | $27.35 | $54.70 |
| 11. Grant, Dejon | $268.60 | $268.60 | $537.60 |
| 12. Guzman, Julio | $43.09 | $43.09 | $86.18 |
| 13. Jacquez, Leopoldo | $36.47 | $36.47 | $72.94 |
| 14. Kennedy, Sean | $28.74 | $28.74 | $57.58 |
| 15. Mallet, Josiah | $20.91 | $20.91 | $41.82 |
| 16. Martinez, Bianca | $86.27 | $86.27 | $172.54 |
| 17. McCrary, Dionte | $22.03 | $22.03 | $44.06 |
| 18. Miller, Lavonte | $91.96 | $91.96 | $183.92 |
| 19. Miranda, Adela | $151.25 | $151.25 | $302.50 |
| 20. Morales, Sofia | $129.82 | $129.82 | $259.64 |
| 21. Nunez, Karen | $31.00 | $31.00 | $62.00 |
| 22. Osorio, Rufina | $26.86 | $26.86 | $53.72 |
| 23. Peres, Malina | $41.87 | $41.87 | $83.74 |
| 24. Pizzaro, Carlos | $39.03 | $39.03 | $78.06 |
| 25. Rodriqguez, Claudia | $21.79 | $21.79 | $43.58 |
| 26. Ruiz, Alejandro | $4,693.95 | $4,693.95 | $9,387.90 |
| 27. Ruiz, Saul | $28.42 | $28.42 | $56.84 |
| 28. Ruiz-Santos, Nicolas | $7,542.22 | $7,542.22 | $15,084.44 |
| 29. Taylor, Jaselyn | $84.77 | $84.77 | $169.54 |
| 30. Taylor, Jolisa | $253.24 | $253.24 | $253.24 |
| 31. Thornton, Anrew | $76.31 | $76.31 | $152.62 |
| 32. Tolvar, Alfrado | $47.33 | $47.33 | 94.66 |
| 33. Whitcomb-Dixon, Jonathan | $38.63 | $38.63 | $77.26 |
| **Totals:** | **$22,737.92** | **$22,737.92** | **$45,474.54** |